## Fannie Coulter, Administratrix, Appellee, v. Illinois Central Railroad Company, Appellant.

1. RAILROADS, § 641*—*when liable for death of street car conductor resulting from backing trains at crossing.* In an action against a railroad company to recover damages for the death of a street car conductor at a railroad crossing caused by a street car being struck by an approaching train of cars being switched by defendant while the conductor had gone upon the railroad tracks to flag the crossing, the declaration alleging that defendant was negligent in backing a string of cars without lights on the hindmost car, in not providing such car with sufficient brakes in the care of a brakeman and in backing such train at a dangerous rate of speed, *held* that a verdict in favor of plaintiff would be sustained upon remittitur.

2. RAILROADS, § 752*—*when due care on part of street car conductor in leaving street car to flag railroad crossing question for jury.* In an action against a railroad company for the death of a street car conductor caused by a street car being struck by an approaching train of cars being switched by defendant at a railroad crossing, when street car conductor had gone upon the tracks to flag the crossing, *held* that the question of due care upon the part of the conductor was a question for the jury.

3. DEATH, § 71*—*when due care on the part of deceased becomes a question of law.* In an action for death, the question of due care on the part of the deceased becomes a question of law only where there is no conflict in the evidence, and the evidence is such that the minds of all reasonable men must arrive at but one conclusion.

4. RAILROADS, § 651*—*when failure of street car conductor to discover approaching train at railroad crossing not negligence*

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

*per se.* Failure of street car conductor to discover the approach of a string of railroad cars at a railroad crossing when he goes upon the railroad tracks to flag the crossing in compliance with the rules of the street car company and a city ordinance, *held* not contributory negligence *per se.*

5. DEATH, § 67*—*when recovery for death excessive.* Verdict for ten thousand dollars for death of a street railway conductor *held* excessive, and judgment affirmed on condition of remittitur of three thousand dollars.

Appeal from the Circuit Court of Macon county; the Hon. WILLIAM C. JOHNS, Judge, presiding. Heard in this court at the October term, 1911. Affirmed on remittitur; otherwise reversed and remanded. Opinion filed October 16, 1913. *Certiorari* granted by Supreme Court.

HUGH CREA and HUGH W. HOUSUM, for appellant; JOHN G. DRENNAN, of counsel.

WHITLEY & FITZGERALD and J. L. McLAUGHLIN, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

Plaintiff's intestate was in the employ of the Decatur Railway and Light Company as a conductor. The defendant owned and operated a line of railway into and through the city of Decatur, with five tracks running north and south across Wood street, and one track extending south from Wood street, these tracks are designated as number one, two, three, four, five and six, numbering from the west. The width of the right of way of defendant at Wood street is two hundred feet. Commencing in Wood street was a spur leading north, off from the west side of track number two, to the Decatur Gas Light and Railway Company's gas plant. Track number six, or the east track, was the northbound main, track number five was the southbound main, the other tracks, two, three and four, which crossed Wood street were used for switching and other purposes. Broadway street intersected Wood street in a northeasterly direction at a point a short distance

east of where the tracks of the defendant Company crossed Wood street.

On the evening of November 4, 1910, at about eight o'clock, plaintiff's intestate had charge of a street car running west on Wood street. This car arrived at the crossing of the defendant Company, was stopped a short distance east of track number six. There was an electric arc lamp at the intersection of Wood street, Broadway and the defendant's tracks; this lamp was suspended above the streets, but the evidence is conflicting as to whether it was burning at the time of this accident. There were no buildings located on the west side of Broadway; there was nothing to obstruct the view of defendant's tracks south of Wood street from a point about eighty-five feet east of the east rail of track number six. There was a switch connecting track number three with track number five crossing track number four.

On approaching this railroad crossing when the street car stopped, the deceased conductor alighted and went ahead of the car upon the tracks of the defendant Company for the purpose of ascertaining whether it was safe for the car to proceed; he went as far as track number three, and while either between tracks three and four or between the rails of track four, the record does not disclose just where, he hallooed and motioned to the motorman upon the street car to cross the tracks, indicating that the way was clear. The motorman proceeded with the car in accordance with the directions given him by plaintiff's intestate who was in the meantime standing either between tracks three and four or between the rails of track number four, awaiting the coming of the street car; as the street car approached track number four, the motorman discovered a string of cars on track number three being pushed across Wood street it was then too late to stop the street car and avoid a collision, and the motorman threw on all his power in the hope of crossing ahead of the approaching cars. The string of cars hit the

street car about the third window from its front end; the street car contained five passengers, the impact threw it from the track and pushed it north from twenty-five to thirty feet, it fell upon its side, caught plaintiff's intestate under it and injured him so that he died in a short time; the passengers in the car were not injured. The string of cars, the front one of which hit the street car, consisted of sixteen coal cars being pushed by an engine on track number five. This cut of cars extended from track number five, on which the engine was, across track number four, to and upon track number three, the car that hit the street car was on track number three.

On the east side of Broadway, at the corner of Broadway and Wood street, was a saloon, the next room south of that was a barber shop, next to that was a cigar factory. The south line of Wood street and the east line of the right of way of the defendant Company intersected at the corner of Broadway and Wood streets.

On the west side of the Illinois Central tracks, on the north side of Wood street, about one hundred feet from the place of the accident, was located a gas house where a gas light was burning, and about twenty feet north of Wood street just west of track number one was a retort house where a 16-candle power electric light was burning.

The engine which was pushing the string of sixteen cars had a headlight both upon the front and rear of the engine; this headlight could be seen from Wood street over the tops of the string of cars, there being no cars in the string except coal cars. There was no man and no light upon the front car which hit the street car.

Track number two was located twenty feet west of track number three. From the west rail of track number three to the line of the right of way on the east side is about one hundred and thirty feet; after the street car reached the right of way on the east it would

travel one hundred and thirty feet before reaching track number three. Track number one is twenty feet west of track number two, it is eighty-four feet from the east line of the right of way to the east rail of track number six.

It was about thirty feet from the south rail of the street car track crossing the railroad to the south line of the sidewalk on the south side of Wood street. There was a cut of four or five cars standing on track number four south of Wood street. The string of sixteen cars which were attached to the engine on track number five crossed track four with its foremost car on track number three, was in charge of a switching crew composed of a fireman, engineer and three brakemen. One of the men in charge of this string of cars was located near the sidewalk on the south side of Wood street; he had a lantern and was directing the movement of these cars by signals which were communicated from him by another of the crew located about half way between Wood street and the engine, and then to another member of the crew located near the engine and by him to the engineer. On account of the cars on track number four south of Wood street the brakeman nearest Wood street could not see the street car after it stopped east of the tracks, until it passed track four. There is no evidence in the record that plaintiff's intestate proceeded farther west than track number three in his attempt to ascertain whether the tracks were clear. He did not cross all of the tracks, but while on track four or between tracks three and four, signaled the motorman to cross, he remained standing at this point and awaited the approach of the car. The night was dark, misty and foggy.

The declaration contains various counts charging that the defendant negligently backed the string of cars over and across Wood street without having and maintaining a light on the front end of the car; also without having a man stationed on that car; that no bell of the weight required by the statute was rung or whistle

blown on approaching this crossing; that an ordinance of the city of Decatur required that a headlight should be carried upon the front car; that the train was backed at a high and dangerous rate of speed; that the string of cars so being backed upon the tracks of the defendant was not then provided with a sufficient brake attached to the rear or hindmost car in care of a trusted and skilful brakeman; that the brakes were not operated from the locomotive by power applied there.

Plaintiff recovered a judgment for ten thousand dollars.

Defendant insists upon a reversal of the judgment, and insists that plaintiff was not in the exercise of due care for his own safety; that the failure to observe the approach of the cars from the south was such an act of contributory negligence as will defeat a recovery; that the street car company by which plaintiff's intestate was employed had a rule which required him to observe in flagging this crossing; that he failed to comply with this rule; that in permitting the car to proceed at the time it did he violated an ordinance of the city of Decatur, and that this was negligence *per se;* that the court erred in the admission and rejection of evidence; that the court erred in the giving and refusing of instructions; and that the judgment is excessive.

The question of due care is one of fact which must ordinarily be determined by the jury from all the evidence and circumstances in the case; the court submitted to the jury all the evidence tending to prove or disprove the question of due care and the jury had before it all of the circumstances leading up to and the surrounding condition which brought about this accident, the manner in which plaintiff's intestate went upon the tracks for the purpose of flagging the crossing and all the detail of his actions from the time he left the street car standing on the east side of the tracks up to and including the time when the car was hit by the string of cars on defendant's road, pushed by

defendant and until plaintiff's intestate was taken from the track, as well as all the conditions surrounding the backing of the string of cars by defendant, and upon this question of due care the jury has found against the contention of the defendant; but it is insisted by the defendant that there is no material conflict in his evidence and that where such is the case it becomes a question of law for the court and not one of fact for the jury. This rule of law is applicable only where there is no conflict in the evidence, and the evidence is such that the minds of all reasonable men must arrive at but one conclusion; and from a review of the evidence, we are not able to say that the minds of all reasonable men must arrive at the same conclusions from these facts, nor are we able to say that the jury was not warranted in arriving at the conclusion which it did upon this question.

Appellant further contends that it was an absolute requirement on the part of plaintiff's intestate that he discover the approach of these cars before permitting the street car to pass, and that the failure so to do constituted contributory negligence, this was also a question of fact for the jury. The defendant bases its contention upon a rule of the street car company for which plaintiff's intestate was working, and also an ordinance of the city of Decatur, both of which required him to so ascertain; while it will be conceded a failure to have obeyed this rule would be such negligence as would create a liability against the company for which plaintiff's intestate was working in favor of passengers carried by it, but so far as the rule related to the defendant Company and his duty in flagging this crossing, he was only required to use ordinary care, and he must be considered as any other traveler of the public highway, and the fact that he had in his charge the lives and persons of passengers upon the car of the company for which he worked created no greater obligation for his own protection so far as this defendant is concerned.

The rule of the street car company which it is contended plaintiff's intestate violated is as follows:

"Steam railway crossings.   Except at crossings provided with interlocking towers and at such track crossings as may be by bulletin excluded before steam railway tracks motormen must bring car to a full stop not nearer than 25 feet from the steam track.   The motorman must not proceed with his car until the conductor has gone ahead on to the steam railway tracks and looked both ways and given him the signal to start. Before starting the motorman will look back and see that no one is getting on or off the car.   After the car has crossed the railroad tracks the conductor will get on the rear platform of the car and give the motorman the signal to go ahead.   If the motorman does not receive the signal to go ahead he will immediately bring his car to a full stop after passing the railroad tracks.   All steam railroad crossings must be flagged."

The ordinance of the city of Decatur which it is insisted was violated is as follows:

"At all railway crossings where watchmen are not located or other sufficient and proper signals operated to designate the approach of trains or cars, all cars used by said company shall stop at least 10 feet before passing over the railway crossing, and the person or persons in charge of said car shall go upon said railway crossing and ascertain that no train or car is approaching and that there is no visible danger in running said car over said railway crossing."

We have been cited to no authority in this State determining this question of want of due care raised by reason of the failure of deceased to ascertain that no car was approaching, but we find upon examination of the various authorities submitted from other States, and which seem to be of equal weight, that the authorities are in conflict, part of them holding that a violation of a rule of this character is such negligence as will defeat a recovery, others holding that the duty imposed upon plaintiff's intestate by this rule created

no additional duty to the defendant railroad company. The Court of Appeals of the State of Texas, in *Texas Traction Co. v. Bogue,* 139 S. W. 1042, and the same court in the case of *Clark v. St. Joseph Terminal Ry. Co.,* 148 S. W. 473, sustained the contention of appellant; and the contrary doctrine has been adopted by the courts of Iowa in *Grace v. Minneapolis & St. L. R. Co.,* 153 Iowa, 418, and numerous other cases; and we are rather inclined to hold that the rule did not create an imperative duty on deceased, that a violation of the rule as between the deceased and the defendant railway Company was not negligence *per se.*

But the question of the failure to ascertain that no car was approaching as required by the ordinance of the city of Decatur presents a more difficult question. While it is true that where a railroad company violates an ordinance and any person is injured by reason thereof that is held to be *prima facie* proof of the negligence of the railroad company, and proof of the violation of an ordinance alone creates a presumption of negligence, this presumption is not conclusive but may be rebutted by a showing that the violation of the ordinance was not the proximate cause of the injury, or upon showing that the injury was produced by reason of other causes. While this ordinance required plaintiff's intestate to proceed upon the tracks and ascertain whether or not any cars were approaching, the evidence shows an attempt to comply with the ordinance, we are not inclined to hold that a failure to positively ascertain this fact is such negligence *per se* as will defeat a recovery, but that where it is shown that plaintiff's intestate went upon the tracks for the purpose of ascertaining the approach of trains, the fact that he did not positively discover its approach, the question whether by failing to actually discover the cars he violated the ordinance was a question of fact, is for the determination of the jury and not one of law for the court.

We do not find that the trial court committed any serious error on the question of receiving or the rejection of evidence.

Defendant complains of the giving of instruction number eleven on behalf of plaintiff. While this instruction is subject to criticism and while it would have been better had it not been given, we are not inclined to hold that the giving of it was reversible error. We do not find the other instructions subject to the criticisms made, and after a careful consideration thereof, we are satisfied that the jury was fairly well instructed concerning the law applicable to this case, and that there is no reversible error in the giving or refusing of any of the instructions.

It is insisted by defendant that the judgment is excessive and should be reversed. While the judgment is large, we are not inclined to hold that it is so excessive as to require the judgment to be reversed upon that ground alone.

If the plaintiff will remit from this judgment the sum of three thousand dollars, within ten days after the filing of this opinion, upon such remittitur being made the judgment will be affirmed, otherwise the judgment will be reversed and the cause remanded.

*Judgment affirmed upon remittitur; otherwise reversed and remanded.*